**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KIMBERLY ANNE JONES,<br>        Appellant, | DOCKET NUMBER<br>PH-3443-15-0197-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>   AFFAIRS,<br>        Agency. | DATE: September 1, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Kimberly Anne Jones, Middleboro, Massachusetts, pro se.

M. Creston Rice, Esquire, Bedford, Massachusetts, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her nonpromotion appeal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant works for the agency as a nonpreference-eligible excepted service Grade I Nurse. Initial Appeal File (IAF), Tab 1 at 1, 7. On October 17, 2014, an agency professional standards board recommended that the appellant not be promoted from Grade I to Grade II. *Id*. at 12-13. On January 24, 2015, she filed a Board appeal of her nonpromotion and requested a hearing. *Id*. at 2-3.

¶3 The administrative judge issued an acknowledgment order in which she informed the appellant that the Board generally lacks jurisdiction over nonpromotions, except in cases of whistleblower reprisal, discrimination based on uniformed service, and violations of veterans' preference rights. IAF, Tab 2 at 3. She ordered the appellant to file evidence and argument to show that the appeal was within the Board's jurisdiction. *Id*. The administrative judge also informed the appellant that her appeal appeared to be untimely, apprised her of her burden on the timeliness issue, and directed her to file evidence and argument thereon. *Id*. at 2. When the appellant failed to respond to the acknowledgment order, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without conducting a hearing. IAF, Tab 7, Initial Decision (ID). The administrative judge did not reach the timeliness issue. ID at 3 n.1.

¶4 The appellant has filed a petition for review alleging, as she did below, that her nonpromotion was in retaliation for filing an equal employment opportunity (EEO) complaint. Petition for Review (PFR) File, Tab 3; IAF, Tab 1 at 5. The appellant also alleges that her Board appeal was untimely because she was previously unaware of her Board appeal rights and that inclement weather prevented her from timely responding to the acknowledgment order. PFR File, Tab 3 at 4-5. The agency has filed a response in opposition. PFR File, Tab 5.

¶5 Notwithstanding the appellant's failure to respond to the acknowledgment order below, we have considered her arguments on review, and we find that they provide no basis to disturb the initial decision. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). As the administrative judge explained, the Board generally lacks jurisdiction over nonpromotions. ID at 3; *see Harrell v. U.S. Postal Service*, 112 M.S.P.R. 492, ¶ 11 (2009). The appellant's claim of retaliation for EEO activity does not serve to bring the appeal within the Board's jurisdiction. *See McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 21 (2005); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶6 As the administrative judge explained below, the Board may have jurisdiction over nonpromotions under certain limited circumstances. IAF, Tab 2 at 3. Specifically, the Board may have jurisdiction over a nonpromotion in the context of a claim under the Veterans Employment Opportunities Act of 1998 (VEOA), the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), the employment practice provisions of 5 C.F.R. Part 300, Subpart A, or the Whistleblower Protection Act (WPA). However, for the reasons set forth below, we find that none of these laws apply to the instant appeal.

¶7        Regarding VEOA and USERRA, the appellant has not alleged that her nonpromotion was the product of uniformed service discrimination or that it constituted a violation of veterans' preference rights.  Indeed, it does not appear that the appellant would be able to raise a claim under either VEOA or USERRA because she is not a preference eligible and there is no indication that she has performed, has applied to perform, or has an obligation to perform uniformed service.  IAF, Tab 1 at 1, 7; *cf.* 5 U.S.C. § 3330a(a)(1), (d)(1) (a preference eligible or veteran may file a Board appeal under VEOA); 38 U.S.C. §§ 4311, 4322, 4324 (a person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service may appeal a USERRA violation to the Board).  Nor could the Board have jurisdiction over this appeal as an employment practices claim under 5 C.F.R. Part 300, Subpart A, because the appellant's position is in the excepted service.  IAF, Tab 1 at 1, 7; *see* 5 C.F.R. § 300.101 (5 C.F.R. Part 300, Subpart A, applies to the competitive service).

¶8        Regarding the WPA, the appellant has not alleged that her nonselection for promotion was in retaliation for activity protected under 5 U.S.C. § 2302(b)(8) or 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  *Cf.* 5 U.S.C. § 1221(a) (providing for individual right of action (IRA) appeals to the Board concerning prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (B), (C), and (D)).  On review, the appellant appears to allege that her EEO activity constituted protected whistleblowing.  PFR File, Tab 1 at 3.  However, filing an EEO complaint is protected under 5 U.S.C. § 2302(b)(9)(A)(ii), and cannot form the basis of an IRA appeal.  *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).  Furthermore, the appellant indicated below that she did not file a whistleblower complaint with the Office of Special Counsel (OSC), which is a jurisdictional prerequisite to filing an IRA appeal with the Board.  IAF, Tab 1 at 4; *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (holding that, to establish jurisdiction over an IRA

appeal, an appellant must, among other things, show that she exhausted her administrative remedies before OSC); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002) (same).

¶9        Accordingly, we affirm the initial decision dismissing the appeal for lack of jurisdiction.  Because we are affirming the dismissal for lack of jurisdiction, we do not reach the timeliness issue.  *See Tardio v. Department of Justice*, 112 M.S.P.R. 371, ¶ 30 (2009).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not

both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                            William D. Spencer
                            Clerk of the Board

Washington, D.C.